**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NORTH CAROLINA**
**5:25-CR-00089-D**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **ALEXANDER SANDOVAL** | ) |
| **Defendant.** | ) |

**DEFENDANT'S SENTENCING MEMORANDUM**

The Defendant, Alexander Sandoval, by and through undersigned counsel, respectfully moves this Honorable Court for a downward variance pursuant to 18 U.S.C. § 3553(a) and objects to the four-level aggravating role enhancement under U.S.S.G. § 3B1.1(a). A variance is warranted based on Mr. Sandoval's long-standing, severe polysubstance addiction rooted in childhood trauma and instability, his acceptance of responsibility, his expressed commitment to treatment, and the Probation Office's acknowledgment that his significant substance abuse history supports consideration of a downward variance. The Presentence Investigation Report identifies substantial and chronic addictions to methamphetamine, cocaine, marijuana, and prescription opioids. The addictions began in childhood and intensified after traumatic loss. It specifically notes the Court may wish to consider a downward variance under § 3553(a) based on the defendant's significant substance abuse history. Consistent with these circumstances, Mr. Sandoval requests to be sentenced as an offense level 35, criminal history category II imposing a sentence of 210 months as to Counts 1 and 3, followed by a 60-month mandatory sentence as to Count 4, with robust substance abuse and mental health treatment conditions, and supervised release with treatment-focused conditions. Mr. Sandoval submits that the proposed sentence "is sufficient, but not greater than necessary" to accomplish the sentencing goals of 18 U.S.C. § 3553(a) in his case. In support of his motion, Mr. Sandoval shows unto this Honorable Court the following factors that should be considered prior to imposing a sentence:

1. **<u>§ 3B1.1(a) Aggravating Role – Organizer/ Leader Enhancement Objection</u>**
   Section 3B1.1(a) provides for a four-level increase only if the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive.

   The enhancement applies only if Mr. Sandoval acted as an organizer or leader by exercising decision-making authority, directing or controlling other participants, claiming a larger share of the profits, or exercising substantial control over the nature and scope of the criminal activity.

   1. The defendant did not exercise decision-making authority. The PSR does not identify any instance in which Mr. Sandoval made operational

decisions for a multi-participant enterprise or determined others' roles, routes, prices, or schedules.

2. The defendant did not claim a larger share of the profits. The PSR contains no evidence that Mr. Sandoval took a premium or override from others' sales, or that he controlled distribution of proceeds among participants.
3. The defendant did not exercise authority over others. The report does not identify subordinates who answered to Mr. Sandoval, received instructions from him, or were disciplined or replaced by him.
4. The defendant did not direct the activities of participants. The PSR does not attribute to Mr. Sandoval any directives to assign tasks to other individuals, arranging others' deliveries, or coordinating others' roles in a hierarchy.

The PSR's conclusion that Mr. Sandoval "was a leader of a criminal activity that involved five or more participants" is conclusory and unsupported by concrete facts establishing leadership over identified participants. Paragraph 22 asserts leadership status and applies §3B1.1(a) but does not specify names, roles, or episodes where Mr. Sandoval organized or led five or more criminally responsible participants or demonstrate that any activity was "otherwise extensive" under the guideline. The PSR recounts controlled buys and communications with confidential sources and co-defendants. Those descriptions, however, do not show that Mr. Sandoval organized or led five or more participants or exercised decision-making authority over them. The Court should therefore sustain the objection and remove the four-level §3B1.1(a) enhancement and find Mr. Sandoval guideline range to be a level 37.

## II. <u>§ 3553(a) FACTORS THAT SUPPORT A DOWNWARD VARIANCE</u>

### 1. <u>18 U.S.C. § 3553(a)(1): The History and Characteristics of Mr. Sandoval</u>

Mr. Sandoval was born on December 26, 1996, in Lewis, Delaware. Mr. Sandoval's background reflects early instability, exposure to violence, and sustained trauma, followed by early-onset substance use as a maladaptive coping mechanism that escalated into severe addiction, particularly to methamphetamine, cocaine, and prescription opioids.

Growing up, Mr. Sandoval was raised by his mother, and stepfather until his stepfather went to prison when Mr. Sandoval was eight. This left his mother to raise four children in significant financial hardship, with periods without electricity or water. Mr. Sandoval described his childhood as difficult, sharing that his mother would sometimes physically discipline him in response to his behavior. He also recalled frequently getting into fights at school as he struggled to fit in with his peers. Because of the challenges he faced at home, he moved to Dallas, Texas, at the age of 17 to live with his maternal aunt and uncle, where he remained until 2015.

Mr. Sandoval began using marijuana at age eight, cocaine at age fourteen, methamphetamine at age nineteen, and later Percocet daily beginning at age twenty-five, with current-severity levels including five to six grams of methamphetamine per day since 2023 and one gram of cocaine per day since age seventeen. Mr. Sandoval reported that his opioid use began after experiencing the devastating loss of his best friend, followed by the fatal overdose of another close friend. Although he has never participated in formal substance use treatment, he expressed a strong desire to engage in treatment while in custody of the Bureau of Prison ("BOP"). He also reported undiagnosed depression and anxiety for the past two years and expressed interest in mental health treatment in BOP custody as well.

Mr. Sandoval accepted responsibility and apologized in a statement to the Probation Office on December 16, 2025. The PSR notes that the Court may wish to consider a downward variance under § 3553(a) based on his significant substance abuse history.

2. **<u>18 U.S.C. § 3553(a)(1): The Nature and Circumstances of the Offense Charged</u>**
On April 15, 2025, a seven-count Indictment was filed in the Eastern District of North Carolina, charging Mr. Sandoval in Counts 1 through 7 with controlled substance and firearm offenses. On December 12, 2025, pursuant to a written Rule 11(c)(1)(A), (B) plea agreement, Mr. Sandoval pled guilty to Counts 1, 3, and 4, with the government agreeing to dismiss Counts 2, 5, 6, and 7 at sentencing.

The offense conduct is serious. However, the advisory range overstates the punishment necessary to achieve the goals of sentencing when weighed against Mr. Sandoval's severe, long-standing addictions arising from early trauma and untreated mental health symptoms.

3. **<u>18 U.S.C. § 3553(a)(2)(A): The Need for the Sentence Imposed to Provide Just Punishment for the Offense</u>**
Specific deterrence and public protection are best served by addressing the drivers of Mr. Sandoval's conduct. His history suggests that his criminal conduct has been driven largely by severe stimulant and opioid addiction, along with untreated mental health symptoms. Meaningful rehabilitation will require intensive substance use treatment, appropriate mental health intervention, and structured supervision to address these underlying factors and support long-term recovery.

4. **<u>18 U.S.C. § 3553(a)(2)(A): The Need for the Sentence Imposed to Promote Respect for the Law and 18 U.S.C. § 3553(a)(2)(B): The Need for the Sentence Imposed to Afford Adequate Deterrence to Criminal Conduct</u>**
General deterrence is adequately served by a custodial term below the advisory range, particularly when considered alongside the mandatory consecutive sentence imposed on Count 4. The combined sentence will still result in a lengthy period of imprisonment sufficient to promote respect for the law and deter others from engaging in similar conduct.

5. **<u>18 U.S.C. § 3553(a)(2)(C): The need for the Sentence Imposed to Protect the Public from Further Crimes of the Defendant-Specific Deterrence</u>**
   A sentence below the advisory range appropriately balances the seriousness of the offenses with Mr. Sandoval's individual circumstances, rather than an entrenched commitment to criminal behavior. Such a sentence would still satisfy the goals of deterrence while allowing for meaningful rehabilitation through substance use and mental health treatment during his period of incarceration and subsequent supervision.

6. **<u>18 U.S.C. § 3553(a)(2)(D): The Need for the Sentence Imposed to Provide the Defendant with educational or vocational training, medical care or other correctional treatment in the most effective manner.</u>**
   To maximize rehabilitation and public safety, Mr. Sandoval asks the Court to recommend and impose the following evidence-aligned, PSR-consistent conditions and programming:
   1. BOP placement at FCI Fairton in the Residential Drug Abuse Program (RDAP) or, if unavailable, the most intensive substance abuse treatment available, followed by continued substance abuse treatment as a condition of supervision, including testing and, if indicated, residential treatment.
   2. Mental health evaluation and treatment, including trauma-informed counseling to address depression, anxiety, and childhood trauma.
   3. Cognitive behavioral programming during custody and supervision to address criminal thinking and decision-making.
   4. Compliance with any financial and family-support obligations as directed by the Probation Office.
   5. Vocational training and work programming in custody and during supervision, with reentry planning focused on stable housing with his mother in Delaware and linkage to community-based treatment upon release. Mr. Sandoval expressed interest in vocational training and possesses marketable skills in construction and remodeling. He wishes to live with his mother upon release, and she is willing to have him return as discussed in paragraph 45 of the PSR.

**<u>CONCLUSION</u>**

Counts 1 and 3 are currently calculated at a Guidelines range of 360 months to life, with a mandatory consecutive 60-month term as to Count 4. If the Court grants the objection, the Guideline range would be a level 37 criminal history category II, with a sentence range of 235-293. The Guidelines are advisory. A downward variance is justified to align the sentence with Mr. Sandoval's unique circumstances and the statutory purposes.

A variance that meaningfully accounts for Mr. Sandoval's extraordinary addiction history, trauma, and acceptance of responsibility promotes, rather than undermines, parity by tailoring punishment to individual culpability and factors that contribute to offending.

For the foregoing reasons, Mr. Sandoval respectfully requests that the Court grant the objection and vary downward two levels to a level 35, imposing a term of 210 months as to Count 1 and 3, followed by a 60-month mandatory sentence as to Count 4 and the treatment-focused conditions outlined above. Such a sentence is sufficient but not greater than necessary to comply with § 3553(a), addresses the seriousness of the offenses, protects the public, and meaningfully advances rehabilitation by treating the addiction and trauma that have driven Mr. Sandoval's conduct. Mr. Sandoval has accepted responsibility and expressed a willingness to engage fully in substance abuse and mental health treatment.

Respectfully, Mr. Sandoval moves this Honorable Court to impose the sentence requested herein.

This the 8th day of July, 2026.

**FRASIER & GRIFFIN, PLLC**

By: /s/ Ralph K. Frasier, Jr
RALPH K. FRASIER, JR.
Attorney for Defendant
100 East Parrish Street, Suite 350
Durham, North Carolina 27701
Email: ralphfrasier@frasierandgriffin.com
Telephone No.: (919) 680-4039
N.C. Bar # 23397

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was served upon:

Alison N. Lester
Assistant U.S. Attorney
150 Fayetteville Street, Suite 2100
Raleigh, NC 27601
(919) 856-4530
Email: alison.lester@usdoj.gov

*by electronic filing through the Court's CM/ECF filing system.*

This the 8th day of July, 2026.

**FRASIER & GRIFFIN, PLLC**

By: /s/ Ralph K. Frasier, Jr.___
RALPH K. FRASIER, JR.
Attorney for Defendant
100 East Parrish Street, Suite 350
Durham, North Carolina 27701
Email: ralphfrasier@frasierandgriffin.com
Telephone No.: (919) 680-4039
N.C. Bar # 23397